IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael D. Mott,<br><br>    Petitioner,<br><br>vs.<br><br>Dora B. Schriro, et al.,<br><br>    Respondents. | No. CV-06-1247-PHX-SMM (MHB)<br><br>**REPORT AND RECOMMENDATION** |

This matter arises on Petitioner's Petition for Writ of Habeas Corpus by Person in State Custody Pursuant to 28 U.S.C. § 2254 (docket # 15). Respondents have filed an Answer (docket # 18). Petitioner filed a Reply (docket #25).

**I. Background**

Petitioner was indicted by a Maricopa County Grand Jury on June 5, 1984, in case number CR-140943, on three counts of aggravated assault. (Respondent's Answer, hereinafter "Answer," Exh. A.) After a jury trial on the charges, during which Petitioner represented himself with the assistance of advisory counsel, he was found guilty on Counts I and III, and not guilty on Count II. (Answer, Exh. B and C.) He was sentenced to an aggravated term of 10 years on each count, to run consecutively. (Answer, Exh. D.) This sentence was ordered to commence upon the completion of a 14 year sentence that had previously been imposed in case number CR-138698. (Answer Exh. E.)

Petitioner was represented by court-appointed counsel on appeal, and raised one issue, the denial of his right to counsel under the Sixth and Fourteenth Amendments. State v.

Mott, 162 Ariz. 452, 454 (App. 1989). The Arizona Court of Appeals granted Petitioner's request to represent himself on appeal, but when he failed to file a timely supplemental brief, the Court asked the state to brief additional issues. Id. at 455. Petitioner's conviction and sentence were affirmed on November 7, 1989. Id. at 452, 461. Petitioner did not seek review in the Arizona Supreme Court. (Petitioner's Petition for Writ of Habeas Corpus, hereinafter "Petition," at p. 2.) Petitioner had thirty (30) days under the rule after the issuance of the order and mandate, until December 7, 1989, to file a notice of post-conviction relief. Ariz.R.Crim.P. 32.4(a); 32.2(a).

Petitioner did not seek post-conviction relief in the state court until nearly fourteen years later. Petitioner filed a Notice of Post-Conviction Relief on September 30, 2003. (Petition, Exhibit E.) Petitioner admits that it was incomplete, and filed his "complete" Petition on April 19, 2004. (Petition, p. 3.) He does not address the fact that neither of his filings was timely under the rule. The trial court found that all claims raised in the Petition were procedurally defaulted pursuant to Rule 32.2(a), Arizona Rules of Criminal Procedure, because "these claims either were or should have been raised in the direct appeal or the prior Rule 32 proceeding." (Answer, Exh. I.) The Arizona Court of Appeals summarily denied review on June 16, 2005. (Answer, Exh. J.) Petitioner did not seek review to the Arizona Supreme Court. (Petition, p. 2.)

This is petitioner's first Petition for Writ of Habeas Corpus filed in this case.

**II. Analysis**

Respondents assert that Petitioner's Petition is untimely under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and should be dismissed with prejudice. Petitioner replies that the AEDPA has been ruled unconstitutional by several appellate courts, and that he should not be precluded because he has exhausted his claims.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. See 28 U.S.C. § 2244(d)(1). A state prisoner must file a federal petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of

the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); see also Lott v. Mueller, 304 F.3d 918, 920 (9th Cir. 2002). "[T]he period of 'direct review' in 28 U.S.C. § 2244(d)(1)(A) includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition." Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999).

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2); see also Lott, 304 F.3d at 921. However, a state petition that is not filed within the state's required time limit is not "properly filed" and, therefore, the petitioner is not entitled to statutory tolling. Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005). "When a post-conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." Id.

In Arizona, post-conviction review is pending once a *notice* of post-conviction relief is filed even though the petition is not filed until later. Isley v. Arizona Department of Corrections, 383 F.3d 1054, 1056 (9th Cir. 2004). An application for post-conviction relief is also pending during the intervals between a lower court decision and a review by a higher court. See Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003) (citing Carey v. Saffold, 536 U.S. 214, 223 (2002). However, the time between a first and second application for post-conviction relief is not tolled because no application is "pending" during that period. Biggs, 339 F.3d at 1048; see also King v. Roe, 340 F.3d 821 (9th Cir. 2003) (The petitioner was "not entitled to tolling during the interval between the completion of one round of state collateral review and the commencement of a second round of review."). Moreover, filing a new petition for post-conviction relief does not reinitiate a limitations period that ended before the new petition was filed. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).

Here, the AEDPA imposes a 1-year limitation period that runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner's judgment became final upon the conclusion of direct review on November 7, 1989. Mott, 162 Ariz. at 452. State prisoners

whose judgments became final before April 24, 1996, the effective date of the statute of limitations imposed by the AEDPA, had 1 year within which to file a petition pursuant to 28 U.S.C. §2254. Therefore, Petitioner had until April 24, 1997, to file a petition, absent any tolling.

As noted above, Petitioner filed his first Notice of Post-Conviction relief on September 30, 2003. His second "complete" Petition was filed on April 19, 2004. Both were untimely, and the Court dismissed his claims as procedurally defaulted. The Arizona Court of Appeals denied review on June 16, 2005. Because the notice of post-conviction relief was untimely, it was not "properly filed" as required by 28 U.S.C. § 2244(d)(2). See DiGuglielmo, 544 U.S. 408, 414 (2005).

Petitioner therefore has not established that he was entitled to any statutory tolling of the statute of limitations. Nor has Petitioner even argued that he was entitled to equitable tolling. He argues in his Reply that the AEDPA has been ruled unconstitutional. None of the cases cited by Petitioner stand for that proposition. Petitioner's habeas petition in this court was due no later than April 24, 1997. Petitioner did not file his Petition until May 5, 2006. For the foregoing reasons, the court finds that Petitioner's Petition is untimely under 28 U.S.C. § 2244(d)(1). The court will therefore recommend that the Petition be denied and dismissed. **IT IS THEREFORE RECOMMENDED:**

Accordingly,

IT IS HEREBY RECOMMENDED that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (docket # 15) be **DENIED.**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment. The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e), Fed. R. Civ. P. Thereafter, the parties have ten days within which to file a response to the objections.

Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review.  See, <u>United States v. Reyna- Tapia</u>, 328 F.3d 1114, 1121 (9th Cir. 2003).

Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. <u>See</u>, Fed.R.Civ.P. 72.

DATED this 15th day of May, 2007.

*Michelle H. Burns*
Michelle H. Burns
United States Magistrate Judge