**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael D. Mott, | No. CIV 06-1247-PHX-SMM |
| Petitioner, | **MEMORANDUM OF DECISION AND ORDER** |
| vs. | |
| Dora B. Schriro, et al., | |
| Respondents. | |

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 15). The matter was referred to Magistrate Judge Michelle H. Burns for a Report and Recommendation. On May 15, 2007, the Magistrate Judge filed a Report and Recommendation with this Court and on June 11, 2007, Petitioner filed an Objection.

## STANDARD OF REVIEW

When reviewing a Magistrate Judge's Report and Recommendation, this Court "must make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate." 28 U.S.C. § 636(b)(1)(C); see also Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991) (citing Britt v. Simi Valley Unified Sch. Dist., 708 F.2d 452, 454 (9th Cir. 1983)). Failure to object to a Magistrate Judge's recommendation relieves the Court

1  of conducting de novo review of the Magistrate Judge's factual findings. <u>Orand v. United
2  States</u>, 602 F.2d 207 (9th Cir. 1979) (citing <u>Campbell v. United States Dist. Court</u>, 501 F.2d
3  196 (9th Cir. 1974)); see also <u>Barilla v. Ervin</u>, 886 F.2d 1514 (9th Cir. 1989) (overruled on
4  other grounds).  A failure to object to a Magistrate Judge's conclusion "is a factor to be
5  weighed in considering the propriety of finding waiver of an issue on appeal." <u>Turner v.
6  Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Baxter</u>, 923 F.2d at 1394; <u>Martinez v. Ylst</u>, 951
7  F.2d 1153, 1156 (9th Cir. 1991) (citing <u>McCall v. Andrus</u>, 628 F.2d 1185, 1187 (9th Cir.
8  1980)).

## DISCUSSION

Petitioner objects to the Magistrate Judge's finding that the Antiterrorism and Effective Death Penalty Act of 1996's ("AEDPA") one-year statute of limitation is "steadfast." (Doc. No. 29 at 2)  According to Petitioner, the Supreme Court has carved out an exception to the AEDPA's one-year statute of limitation for "fundamental miscarriages of injustice," which include the discovery of new, potentially exculpatory, evidence. (<u>Id</u>.)  Petitioner neither offers any newly discovered evidence, nor explains what fundamental miscarriage will occur if the statute of limitations is applied to bar his claim.  Nonetheless, Petitioner's objection to the Magistrate Judge's finding regarding the statute of limitations issue is specific enough to entitle a *de novo* review by this Court.

The Magistrate Judge found that Petitioner's claim was barred by the AEDPA's one-year statute of limitations.  The limitation period runs from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner's judgment became final upon the conclusion of direct review on November 7, 1989.  As the Report and Recommendation correctly points out, a state prisoner whose conviction became final prior to the effective date of the act is entitled to one year in which to file a timely §2254 petition.  The AEDPA became effective on April 24, 1996, and there is no evidence that Petitioner filed a §2254 petition within one year of this date, nor any evidence that he filed any type of state court proceeding between April 24, 1996, and April 24, 1997, which would have tolled the running of the statute of

1 limitations. There is also no evidence from which the Court could conclude that the statute
2 should have been equitably tolled during that time period. Thus, the statute of limitations in
3 this case clearly ran on April 24, 1997.

**CONCLUSION AND ORDER**

Based upon the foregoing,

**IT IS ORDERED** that Petitioner's objection to the Magistrate Judge's Report and Recommendation (Doc. No. 29) is **OVERRULED**.

**IT IS FURTHER ORDERED** that the Court adopts the Report and Recommendation of the Magistrate Judge (Doc. No. 28).

**IT IS FURTHER ORDERED** that Petitioner's Petition for Writ of Habeas Corpus (Doc. No. 15) is **DENIED**, terminating this case.

DATED this 22nd day of June, 2007.

Stephen M. McNamee
United States District Judge