**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael D. Mott,<br><br>      Petitioner,<br><br>vs.<br><br>Dora B. Schriro, et al.,<br><br>      Respondents. | No. CIV 06-1247-PHX-SMM<br><br>**MEMORANDUM OF DECISION AND ORDER** |

Pending before the Court is Petitioner Michael D. Mott's Motion for Reconsideration of the Court's Order adopting the Magistrate Judge's Report and Recommendation. (Dkt. 32).

## BACKGROUND

On May 15, 2007, the Magistrate Judge filed a Report and Recommendation with this Court. Petitioner filed an Objection to the Report and Recommendation on June 11, 2007. After considering Petitioner's arguments, the Court overruled his objection and adopted the Report and Recommendation of the Magistrate Judge by Order dated June 25, 2007. Petitioner now asks the Court to reconsider the Order adopting the Magistrate Judge's Report and Recommendation.

//

//

**STANDARD OF REVIEW**

The Federal Rules of Civil Procedure do not recognize a "motion to reconsider." A litigant subject to an adverse judgment may file either a motion to alter or amend the judgment under Rule 59(e) or a motion seeking relief from the judgment pursuant to Rule 60(b). However, these rules only provide relief from judgments that are "final, appealable orders." United States v. Martin, 226 F.3d 1042, 1048 n.8 (9th Cir. 2000). Rule 59(e) allows for the alteration or amendment of a "judgment" within ten days after "entry of the judgment," FED. R. CIV. P. 59(e), where "judgment" is defined as a decree and any order from which an appeal lies. FED. R. CIV. P. 54(a). Rule 60(b) does not provide relief from judgments, orders, or proceedings which are not "final," that is, are not final decisions within the meaning of 28 U.S.C. § 1291 and generally cannot be appealed immediately. See Sch. Dist. No. 5 v. Lundgren, 259 F.2d 101, 104 (9th Cir. 1958); see also FED. R. CIV. P. 60(b) advisory committee's note ("The addition of the qualifying word 'final' emphasizes the character of the judgments, orders or proceedings from which Rule 60(b) affords relief; and hence interlocutory judgments are not brought within the restrictions of the rule, but rather they are left subject to the complete power of the court rendering them to afford such relief from them as justice requires.").

Nevertheless, the trial court has the inherent power to reconsider, set aside, or amend interlocutory orders at any time prior to entry of a final judgment. Lundgren, 259 F.2d at 104; see generally also John Simmons Co. v. Grier Bros. Co., 258 U.S. 82 (1922).

Under the "law of the case doctrine," courts do not "reexamine an issue previously decided by the same or higher court in the same case." Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc., 275 F.3d 762, 766 (9th Cir. 2001). The doctrine is not a limitation on a tribunal's power, but rather a guide to discretion. Arizona v. California, 460 U.S. 605, 618 (1983). A court may have discretion to depart from the law of the case where: (1) the first decision was clearly erroneous; (2) there has been an intervening change of law; (3) the evidence is substantially different; (4) other changed circumstances exist; or (5) a manifest injustice would otherwise result. United States v. Alexander, 106 F.3d 874, 876

(9th Cir. 1997). A district court abuses its discretion when it applies the doctrine of the law of the case without one of these five requisite conditions. Thomas v. Bible, 983 F.2d 152, 154 (9th Cir.), cert. denied, 508 U.S. 951 (1993).

## DISCUSSION

Petitioner once again objects to the Magistrate Judge's finding that the Antiterrorism and Effective Death Penalty Act of 1996's ("AEDPA") one-year statute of limitation bars his petition. According to Petitioner, the Supreme Court has carved out an exception to the AEDPA's one-year statute of limitation for "fundamental miscarriages of injustice," which include the discovery of new, potentially exculpatory, evidence. Furthermore, Petitioner argues that there is no time bar to an actual innocence claim. Both of these arguments were already considered in the Court's Order adopting the Magistrate Judge's Report and Recommendations. There, after noting that Petitioner failed to offer any evidence to support his actual innocence claim, the Court conducted a *de novo* review of the Magistrate Judge's Report and Recommendation.

Because Petitioner's motion for reconsideration simply repeats the arguments raised in his Objection to the Magistrate Judge's Report and Recommendation, the Court will deny his motion.

## CONCLUSION

Accordingly,

**IT IS ORDERED** that Petitioner's Motion for Reconsideration (Doc. No. 32) is **DENIED**.

DATED this 9th day of August, 2007.

Stephen M. McNamee
United States District Judge